Jasen, J.
 

 In this article 78 proceeding, petitioner, a Court Clerk in charge of Special Term, Part V, of the Tenth Judicial District (Nassau and Suffolk Counties), seeks to have his classification changed from Court Clerk III to Court Clerk TV, claiming that he performs the same functions in the unified court system as the court clerks in the matrimonial parts at Special Term in New York and Kings Counties, who are classified as Court Clerks TV.
 

 The issue on this appeal is whether the State Administrator, in refusing to upgrade the petitioner in position title from Court Clerk III to Court Clerk TV, acted in an “ arbitrary, capricious and unreasonable ” manner.
 

 The Administrative Board of the Judicial Conference, in denying petitioner’s appeal from the Administrator’s refusal to upgrade the position, set forth the following reasons:
 
 “
 
 There was no single factor which determined that the appeal be denied, but rather the denial was caused by a variety of reasons. Among those reasons was the volume of work in the Nassau-Suffolk matrimonial part as contrasted with that of the First Judicial District, Kings and Queens Counties. Hand in hand with the volume in these areas goes the comparative figures of the size of the staffs supervised. In addition there is the factor of the general overall staffing of the courts and the comparative number of Court Clerk TV’s and higher in each of these areas in relation to the total number of court clerks. A review by the
 
 *442
 
 Administrative Board of these factors resulted in an affirmance of the determination by the State Administrator.”
 

 The title specification for Court Clerk III provides, in pertinent part: “Under general direction performs exceptionally difficult and highly responsible administrative and legal-technical duties as the
 
 supervisor of a very large special term
 
 or comparable part or activity”. (Emphasis supplied.)
 

 Court Clerk IV title specification provides, in part: ‘
 
 ‘
 
 Under executive direction performs very highly responsible administrative duties of the widest scope, subordinate in nature only to duties of the Chief Clerk or Deputy Chief Clerk of a court:
 
 may supervise a large staff of court clerical employees
 
 which usually includes Court Clerk II’s and may include Court Clerk Ill’s ;
 
 in an unusually large and important
 
 court, may supervise a number of major court locations ”. (Emphasis supplied.)
 

 The criteria relied upon by the board—volume of business, size of staffs supervised and the general over-all court staffing —were relevant to the italicized portions of the title specifications, and are not, therefore, improper. Even though the functions which petitioner performed as a Court Clerk III in the Tenth Judicial District were substantially the same as the functions performed by persons classified as a Court Clerk IV in New York and Kings Counties, the listing in the title specifications of other criteria relating to sizes of the part and the staff allowed the Administrative Board sufficient basis to classify these persons differently.
 

 It would be totally unrealistic and unreasonable to hold that a clerk of a matrimonial part, regardless of size of the part and the staff, must be classified as a Court Clerk IV merely because he performed the same general functions as the clerk classified grade IV. As the dissenting Judge in the Appellate Division stated: “ There is no proof and no finding that a comparison of the respective parts in regard to the criteria (the size of the respective staffs and the grade of the employees in those staffs; the amount of the business done,- and the supervision under which the clerk acts) shows or even indicates that respondent acted arbitrarily. In the absence of such finding it is elementary that respondent’s position is unassailable.”
 
 (Matter of Byrne
 
 v.
 
 McCoy,
 
 36 A D 2d 805, 806.)
 

 
 *443
 
 Accordingly, the order of the Appellate Division should be reversed and the determination of the State Administrator reinstated.
 

 Judges Burke, Scileppi, Bebgan and Bbeitel concur; Chief Judge Fuld and Judge Gibson taking no part.
 

 Order reversed, etc.